Victoria S. **BLUM**, Plaintiff,

v.

**WAUKESHA COUNTY**, Defendant.

Civ. A. No. 89–C–1418.

United States District Court,
E.D. Wisconsin.

Oct. 25, 1990.

Thomas M. Croke, Brookfield, Wis., for plaintiff.

J. Steven Tikalsky, Tikalsky, Raasch & Tikalsky, Waukesha, Wis., and Steve Schmitz, Asst. Corp. Counsel, for defendant.

## DECISION AND ORDER

REYNOLDS, District Judge.

## BACKGROUND

On November 16, 1989, plaintiff Victoria S. Blum ("Blum") commenced an action in this court pursuant to Title 42 U.S.C. § 1983 against defendant Waukesha County ("Waukesha"). Blum claims that Waukesha violated her federal constitutional rights by: (1) obtaining from the Waukesha County Circuit Court on May 12, 1989, a capias for her arrest; (2) having Blum arrested and searched at her residence on May 20, 1990; and (3) by holding Blum in the Waukesha County Jail from May 20th to May 22nd (Complaint ¶¶ 6–9; Apr. 23, 1990 Brief in Opp. at 1–2). On April 6, 1990, Waukesha moved this court to grant summary judgment in its favor. This court denies Waukesha's motion because there is at least one unresolved question of material fact.

## FACTS

Waukesha has not disputed Blum's version of the facts leading to her arrest. In September 1987, Blum and her son, Troy, entered into a consent decree with Waukesha wherein Waukesha agreed to terminate juvenile proceedings against Troy on the condition that Troy enroll in a program at Noah House, a group home located in Waukesha (Apr. 23, 1990 Brief in Opp. at 1). The consent decree expired six months after it was signed, and the expiration acted as a dismissal of the juvenile case on its merits (*Id.;* Wis.Stats. § 48.32).

Blum claims that the consent decree did not require her to pay for the cost of Troy's treatment at Noah House, and that Waukesha initially paid the bill (Apr. 23, 1990 Brief in Opp. at 1). In July 1988, however, Waukesha petitioned for and obtained an order from the Waukesha County Circuit Court requiring Blum to appear at a hearing and show cause as to why she should not have to reimburse Waukesha for the cost of Troy's treatment (Apr. 20, 1990 Croke Aff. at Exhs. 1–2).

Blum appeared at the hearing in August 1988 and was asked to complete some financial information sheets and return them to Waukesha (Apr. 23, 1990 Brief in Opp. at 2). On March 7, 1989, however, Waukesha again obtained a court order requiring Blum to appear at a hearing and show cause as to why she should not have to pay for Troy's treatment (Apr. 20, 1990 Croke Aff. at Exhs. 3–4). Blum appeared at the court on March 29, 1989, and was told by Waukesha's Assistant Corporation Counsel, Danni L. Caldwell ("Caldwell"), that the hearing had been adjourned to another date (Apr. 23, 1990 Brief in Opp. at 2). In addition, Blum was requested to complete additional financial sheets and submit them to Waukesha (*Id.*).

Although the record indicates that the hearing was adjourned until May 12, 1989, the facts are unclear as to whether or not Blum was informed that the hearing was scheduled for May 12th (*Id.*). Blum, however, did not appear at the hearing on May 12th, and Caldwell petitioned the court to issue a capias for Blum's arrest (*Id.*). The capias was issued and Blum was arrested on May 20, 1989, handcuffed in front of her neighbors, placed in a squad car, taken to the Waukesha County Jail and in-processed, and then held in jail until May 22, 1989 (*Id.* at 2–3).

After her release from jail, Blum moved the Waukesha County Circuit Court to quash the order requiring Blum to show cause as to why she should not have to pay for Troy's treatment (Apr. 20, 1990 Croke Aff. at Exh. 6). Blum argued that the order should be quashed because there was

no case pending at the time it was issued due to the fact that the consent decree had expired and the juvenile proceedings against Troy had been dismissed with prejudice pursuant to Wis.Stat. § 48.32(4) (*Id.*). The court granted Blum's motion to quash the order to show cause "on the grounds that there was no probable cause for the issuance thereof." (*Id.* at Exh. 7).

Blum argues that the court order stating that there was no probable cause is proof that Waukesha violated her constitutional rights when it petitioned the court for the capias and then had her arrested. Specifically, Blum claims that her arrest and detention violated her fourth, fifth, and fourteenth amendment rights to be free from unreasonable searches and seizures (Complaint ¶¶ 3, 8).

## ANALYSIS

Rule 56(c) of the Federal Rules of Civil Procedure provides that a federal district court shall grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions, and affidavits indicate that no material facts are in dispute and that the moving party is entitled to judgment as a matter of law. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir.1987). The party moving the court for summary judgment has the burden of proving that no material facts are in dispute, and the court must review the record with all reasonable inferences being drawn in favor of the non-moving party. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.1983), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983); *Reardon v. Wroan*, 811 F.2d 1025, 1027 (7th Cir.1987).

In the present case, Waukesha does not disagree with Blum's version of the facts, but instead argues that it is entitled to summary judgment because there is no evidence that Blum's constitutional rights were violated as the result of an official custom or policy of Waukesha. As Waukesha correctly points out, both the United States Supreme Court and the Seventh Circuit Court of Appeals have held that a local government can only be held liable under § 1983 if the constitutional tort complained of was the result of an official municipal policy or custom. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978); *Strauss v. City of Chicago*, 760 F.2d 765, 766–67 (7th Cir.1985).

Waukesha claims that it has no official policy or custom for petitioning a court for a capias when an individual fails to appear at a hearing regarding an order to show cause. Waukesha's Assistant Corporation Counsel, Caldwell, indicated that she has full responsibility to determine whether or not to request a capias and that she makes the decision on a case-by-case basis (Apr. 3, 1990 Caldwell Aff. ¶¶ 3, 7–8). In addition, Waukesha states that although it may have the custom of petitioning a court for an order to show cause as a method of collecting money owed to it, this custom is not what caused the alleged illegal arrest to occur.

Blum, on the other hand, argues (1) that Waukesha had an official custom of attempting to collect from a parent in a juvenile case by seeking an order to show cause and (2) that this custom caused the deprivation of her constitutional rights. In addition, Blum correctly points out that the Supreme Court has held that a municipality can be held liable for a single decision or course of action chosen from various alternatives by a policymaking official. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 477–85, 106 S.Ct. 1292, 1297–1301, 89 L.Ed.2d 452 (1986).

The Supreme Court in *Pembaur* held that municipal liability could be imposed for a single decision rendered by a municipal policymaker. *Id.* at 480, 106 S.Ct. at 1298. The Court also held that individuals other than the municipality's legislative body are policymakers:

> But the power to establish policy is no more the exclusive province of the legislature at the local level than at the state or national level. *Monell*'s language makes clear that it expressly envisioned other officials "whose acts or edicts may fairly be said to represent official policy," and whose decisions therefore may give rise to municipal liability under § 1983.

*Id.* (quoting *Monell* 436 U.S. at 694, 98 S.Ct. at 2037) (citations omitted). The Court, however, went on to state that:

Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable. Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority, and of course, whether an official had final policymaking authority is a question of state law.

*Id.*, 475 U.S. at 482–83, 106 S.Ct. at 1299–1300 (footnotes and citation omitted).

The issue in *Pembaur* was whether or not a county prosecutor was acting as a policymaker when he directed the county sheriff to enter Bertold Pembaur's clinic in order to arrest employees of the clinic pursuant to capiases. The defendant municipality argued that the prosecutor lacked authority to establish municipal policy related to law enforcement practices and that the prosecutor was not making policy when he directed the sheriff to enter the clinic. *Id.* at 484, 106 S.Ct. at 1300. The clinic claimed that the prosecutor was merely providing "legal advice" to the sheriff. *Id.* at 484, 106 S.Ct. at 1300. The Court rejected the municipalities' arguments.

The Court decided that state law permitted both the county sheriff and prosecutor to establish policy under appropriate circumstances, and that the sheriff had delegated his authority to the prosecutor in the situation at issue. *Id.* at 485, 106 S.Ct. at 1301. The Court then concluded that "[i]n ordering the Deputy Sheriffs to enter petitioner's clinic the county prosecutor was acting as the final decisionmaker for the county, and the county may therefore be held liable under § 1983." *Id.*

In the present case, Waukesha claims that there is no official policy or custom regarding when the county attorney responsible for collecting money seeks a capias. Waukesha, however, has not addressed the issue of whether or not the county attorney was acting as a policymaker when she decided to obtain a capias. In fact, the current record before this court suggests that the Waukesha attorney who obtained the capias for Blum's arrest, Caldwell, was a policymaker because she states that she had the full responsibility for making the decision (Apr. 24, 1990 Caldwell Aff. ¶¶ 3–7).

The question of whether or not Caldwell was a policymaker when she obtained the capias for Blum's arrest is a mixed question of law and fact. The record in this case, however, does not permit this court to determine either (1) if Wisconsin law provides that Caldwell was a policymaker when she decided to obtain a capias for Blum's arrest or (2) if a Waukesha policymaker delegated to Caldwell the authority to be Waukesha's final decisionmaker for deciding when to obtain a capias. This second determination is a question of material fact, and therefore summary judgment cannot be granted at this time.

IT IS THEREFORE ORDERED that defendant Waukesha County's motion for summary judgment is DENIED.